**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN CLOSSON and CHARLES R. CLOSSON, | No. 13-15317 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-00275-JCM-GWF |
| v. | |
| BANK OF AMERICA, NA; BAC HOME LOANS SERVICING LP; JILL WOSNAK; and DOES 1-20, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 16, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and RESTANI,[**] Judge.

Susan and Charles Closson appeal the district court's judgment in Bank of

America's ("BOA") favor following a jury trial on their breach of contract and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

breach of the implied covenant of good faith and fair dealing claims arising from the foreclosure of the Clossons' property. We have jurisdiction under 28 U.S.C. § 1291. The Clossons argue that the district court erred in allowing BOA to argue the unpled affirmative defense of release and in admitting evidence of their post-March 2008 financial difficulties, and also argue the district court engaged in judicial misconduct at trial. We conclude that there was no harm in allowing BOA to argue the affirmative defense of release, the district court did not abuse its discretion in admitting the evidence of the Clossons' post-March 2008 financial troubles, and the district court judge did not engage in judicial misconduct; thus we affirm.

We need not determine whether the district court erred in allowing BOA to argue the affirmative defense of release because even if it did, any error was harmless and does not warrant a reversal. If a jury's verdict is "more probably than not untainted by the error," reversal is not required. Obrey v. Johnson, 400 F.3d 691, 699, 701 (9th Cir. 2005); Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1459 (9th Cir. 1983). Because the jury found that the Clossons failed to meet their burden of proving BOA breached their contract and the implied covenant of good faith and fair dealing, it did not need to evaluate any affirmative defenses, whether

waiver or release, to reach its decision.  Any error in allowing evidence and argument on that defense, thus, was harmless.

The district court did not abuse its discretion in allowing evidence of the Clossons' financial troubles after March 2008 to be introduced at trial because it was relevant and not unduly prejudicial.  The evidence was relevant because it was probative of the Clossons' ability to perform their contractual obligations and of the inevitability of foreclosure, breaking the link to the Clossons' damage allegations against BOA for the tax liability due to debt forgiveness.  As the Clossons did not renew their prejudice objection at trial after the district court judge invited them to do so in his ruling on their motion in limine to exclude the evidence, this aspect of the objection is to be reviewed for plain error.  See Fed. R. Evid. 103 advisory committee's notes on 2000 amendments; Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1016 (9th Cir. 1999) (reviewing evidentiary ruling for plain error where party failed to raise the objection at trial).  Under any standard, however, the evidence was not unduly prejudicial because the risk of jury confusion concerning the evidence was low, the evidence was straightforward and the time period of the evidence was made clear.

Finally, the district court judge did not engage in judicial misconduct at trial.  A new trial based on judicial misconduct is warranted only if, from the record, a

3

judge's action "shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Laurins, 857 F.2d 529, 537 (9th Cir. 1988); see Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir. 1986) (holding that trial judge's conduct was not improper when judge questioned witness, criticized counsel, and managed the pace of the trial). Although the district court judge interrupted questioning, admonished the Clossons' counsel, and denied most of the Clossons' motions, he did so to thwart leading questions, to aid the jury's understanding on the key issue (i.e. the interpretation of the contract), and to facilitate the overall trial process. The jury instructions made clear that it was up to the jury to interpret the contract. There was no misconduct.

**AFFIRMED.**